IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. OLAGUES, | : |
| Plaintiff, | : |
| v. | : C.A. No. 17-1004-LPS |
| JOHN REMONDI, MARK HELEEN, and NAVIENT CORP., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 28th day of March, 2018, having reviewed the Court file;

Plaintiff John A. Olagues ("Plaintiff"), who appears *pro se*, filed this action alleging Defendants John Remondi ("Remondi") and Mark Heleen ("Heleen"), officers of nominal Defendant Navient Corp. ("Navient"), realized illegal "short swing" profits in violation of Section 16(b) of the Securities Exchange Act of 1934. As stated in the Complaint, Plaintiff filed this action "in order to obtain a recovery for the firm Navient Corp." (D.I. 1 at 3)

Federal law authorizes shareholders to bring suit "in the name and [o]n behalf of [a securities] issuer" to disgorge "short-swing" profits improperly obtained by corporate insiders. *See* 15 U.S.C. § 78p(b). Such suits are representative in nature; the corporate issuer -- not the shareholder -- is the real party in interest. *See, e.g., Gollust v. Mendell*, 501 U.S. 115, 127 (1991) ("A security holder eligible to institute suit will have no direct financial interest, since recovery will inure only to the issuer's benefit.").

Plaintiff is not an attorney and, as a representative shareholder, he cannot appear on behalf of Navient, the real party in interest. He may only represent himself in this Court. *See* 28 U.S.C.

§ 1654; *see also Olagues v. Ravich*, Civ. No. 2:17-938-DMG-AGR (C.D. Cal. Jan. 5, 2018); *Olagues v. Steinour*, 2018 WL 300377 (S.D. Ohio Jan. 4, 2018); *Olagues v. Timken*, Civ. No. 5:17-1870-JRA (N.D. Ohio Jan. 3, 2018); *Olagues v. Muncrief*, 2017 WL 2471062 (N.D. Okla. June 6, 2017).

THEREFORE, IT IS ORDERED that:

1. Oral argument set for April 30, 2018 is CANCELED. Oral argument is continued to a date to be determined.

2. Plaintiff shall retain counsel on or before April 30, 2018, or the case will be dismissed without prejudice.

3. Should Plaintiff retain counsel, WITHIN FOURTEEN DAYS of entry of appearance by Plaintiff's counsel, the parties shall submit a joint status report indicating how the case should proceed, including whether Plaintiff will file an amended complaint, whether Defendants intend to move to dismiss, and (if so) when the parties are available for oral argument in person or by telephone.

_____
UNITED STATES DISTRICT JUDGE